# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO,<br><br>        Plaintiff,<br><br>    v.<br><br>SHAFTER-WASCO NORTH DIVISION, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:12-cv-01586-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>FIFTEEN DAY DEADLINE |

**I.    Procedural History**

Israel Maldonado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 26, 2012, Plaintiff filed his original complaint which is currently before the Court.  Doc. 1.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III.     Plaintiff's Complaint**

Plaintiff is currently a state prisoner at the California Correctional Institution (CCI) in Tehachapi, California. In the complaint, Plaintiff names the following as defendants in this action: 1) Public Defender (at Shafter-Wasco Court House); 2) District Attorney (at Shafter-Wasco Court House); 3) Judge (at Shafter-Wasco Court House); and 4) Court House (at K/C Northern Division Shafter-Wasco). Doc. 1 at 3. Plaintiff seeks a speedy trial, for dismissal of his current criminal case in state court and to be with his family. Doc. 1 at 8.

Plaintiff alleges that he did not have his *Miranda* rights read to him. Doc. 1 at 5. Plaintiff also alleges that his speedy trial rights were violated and although he did not consent to a section 1368 competency hearing, he was forced to undergo one. Doc. 1 at 6. Plaintiff asserts that his right to have assistance of counsel was violated and he did not have the opportunity to consult with the public defender before beginning the section 1368 hearing that he did not consent to. Doc. 1 at 6. Plaintiff also asserts that there is a conflict of interest between his public defender and district attorney because he witnessed the two of them whisper to each other without including him. Doc. 1 at 7. Plaintiff argues that the prosecution's evidence does not support the crime he is being charged with and that there is a conflict of interest. Doc. 1 at 8.

///

///

## IV. Legal Standard and Analysis

### A. Habeas

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-2 (2005). Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to a prison disciplinary hearing where good-time credits were affected).

#### 1. Analysis

Because Plaintiff's claims necessarily challenges his underlying criminal action and seeks, dropping the currently pending criminal charges and release from prison for another conviction, Plaintiff is barred from pursuing such claims until such time as plaintiff invalidates the underlying conviction through a habeas action.[1]

## V. Conclusions and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Accordingly, after screening Plaintiff's complaint filed on September 26, 2012, the Court HEREBY RECOMMENDS that:

1. This action be DISMISSED, without prejudice, for failure to state a claim upon

---

[1] Even if Plaintiff were to proceed with a habeas petition, he would likely fail. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting relief except under special circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *Younger* abstention is required when: 1) state proceedings, judicial in nature, are pending; 2) the state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Allowing Plaintiff to file a separate petition attacking his currently pending criminal proceedings would be premature and is inconsistent with both the exhaustion requirement, with its purpose of reducing piecemeal litigation and AEDPA with its goal of streamlining federal habeas proceedings. *Burton v. Stewart*, 549 U.S. 147, 154 (2007).

which relief may be granted under section 1983; and

2. The Clerk fo Court provide Plaintiff a copy of a civil 1983 complaint form and a habeas complaint form.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 5, 2012

UNITED STATES MAGISTRATE JUDGE